**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0458, <u>State of New Hampshire v. Andre J. Bergeron</u>, the court on August 11, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Andre J. Bergeron, appeals his convictions of fraudulent use of a credit card, <u>see</u> RSA 638:5 (2016), and receiving stolen property, <u>see</u> RSA 637:7 (2016), arguing that the Superior Court (<u>Bornstein</u>, J.) erred in admitting printed receipts of the credit card transactions.

The record shows that the victim's credit cards were stolen on August 17, 2015. Later that day, one of the credit cards was used twice to make purchases at a gas station and convenience store. The defendant objected to the admission of printed receipts from those transactions because the State did not provide him with copies until six days prior to trial. Until then, the defendant had seen only electronic copies of the receipts. The trial court overruled the defendant's objection, allowing the State to introduce the receipts and finding that the defendant had not been prejudiced by the late disclosure.

"In general, we accord considerable deference to the trial court's ruling on a discovery sanction, and intervene only when it constitutes an unsustainable exercise of discretion." <u>State v. Reader</u>, 160 N.H. 664, 667 (2010). To show that the trial court unsustainably exercised its discretion, the defendant must demonstrate that the court's decision was clearly unreasonable and prejudiced his case. <u>Id</u>.

The defendant argues that, because of the best evidence rule, he had no reason to believe, until six days prior to trial, that any witness would be permitted to testify regarding the contents of the receipts. The State counters that the defendant failed to preserve this specific issue for review because he did not raise it at trial. <u>See</u> <u>State v. Edic</u>, 169 N.H. 580, 583 (2017) ("The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review."). Assuming, without deciding, that the issue is preserved, we find no error. Even if the receipts had not been admitted into evidence, store witnesses would have been able to testify regarding the transactions, including information contained in the receipts. <u>See</u> <u>R & R Associates, Inc. v. Visual Scene, Inc.</u>, 726 F.2d 36, 38

(1984) ("No evidentiary rule . . . prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation.").

The defendant also argues that he was prejudiced by the trial court's ruling because only the receipts specifically connected his purchases to the victim's credit cards. However, the defendant argued at trial that he had permission to use the cards from a friend, who told the defendant that the cards belonged to his girlfriend. The defendant admitted to the investigating officer that he purchased the items with credit cards owned by a person whom he did not know. On cross-examination, he admitted that the credit cards belonged to the victim. The defendant's admissions thus connected his purchases to the victim's credit cards. In addition, the testimony of the store witnesses connected the defendant's purchases to the victim's credit cards. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in allowing the receipts into evidence. See State v. Reader, 160 N.H. at 667.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2